F. BERG & COMPANY, A Corporation, Respondent, v. SAM B. STROTHER, Administrator of the Estate of ROBERT HART, deceased, Appellant.

Kansas City Court of Appeals, April 4, 1921.

STATUTE OF LIMITATIONS: Running Account: Mutuality in Charging Item: Denial of Liability of a Single Item Charged on an Open and Running Account Does Not Take the Same out of the Account so as to Start Running of Statute where Last Item of Running Account was not Barred by Statute. When a shipment is made upon an agreement that the value thereof, is to become a charge on an open and running account between the parties, and the charge is so made, the item cannot be taken out of the open account, and the Statute of Limitations, *held*, not to run against it because the purchaser, after sender has made the shipment as directed, and goods fail to arrive, denies liability for the particular item.

Appeal from the Circuit Court of Jackson County.— *Honorable O. A. Lucas,* Judge.

AFFIRMED.

*Ellis, Cook & Dietrich* for respondent.

*Casey & Wrige* for appellant.

BLAND, J.—This is a suit for the balance due on a running account. There was a trial without the aid of a jury which resulted in a judgment for plaintiff and defendant has appealed.

The balance sued for consists of a single item and the only ground upon which defendant seeks to have the claim disallowed is that it is barred by the Statute of Limitations.

The facts show that plaintiff was engaged in the manufacture of hats at Orange, N. J., and that Robert Hart, now deceased, was engaged in business as a jobber

of hats in Mexico City, Mexico. The dealings between the parties were had in 1907, and prior and subsequent thereto. Hart would send a written order for hats to plaintiff at Orange, N. J., and the hats would be manufactured and shipped to Hart at Mexico City. These orders, which came at frequent intervals, would be filled and the amount of the order charged on the account of Hart when the hats were shipped, the hats being sold by plaintiff to Hart on credit. On the first of the month Hart would receive a statement showing the charge and credits up to that day. On a request for payment upon this statement Hart would make payments from time to time. Plaintiff thus carried with Hart a running open account.

At the time of the particular order giving rise to the item sued upon, Hart's account with plaintiff showed him owing approximately $6800. In 1907, Hart sent plaintiff, in the regular way and under the course of dealings above outlined, a written order for hats. The order was accepted, the hats manufactured and, in accordance with an agreement had between the parties, plaintiff put the goods free on board a vessel addressed to Hart at Mexico City, Mexico, Hart to pay the transportation charges. This shipment appeared on plaintiff's books as a charge of $1692 under date of November 5, 1907. The shipment went forward and was distressed at sea and was never permitted to land in Mexico. On the 1st of December, after the shipment, plaintiff sent Hart in the regular way a statement showing the balance due on the account at that time, including the item of $1692. Hart having heard of the damage to the shipment denied any obligation to pay for the hats covered therein and requested plaintiff to bring an action in court if it thought there was any obligation on his part to pay for these hats. There was considerable correspondence in regard to the payment of this item but Hart at all times insisted that he was not liable for the same and refused to pay for the same although he remitted amounts from time to time to apply on his account, but there was usually a

balance, as shown by plaintiff's books, owing by him over and above the disputed item of $1692.

In 1914 Hart went out of the hat business, at which time he paid plaintiff the balance due on his account less the sum of $1692. The last charge item on the account was under date of December 19, 1913, and the last credit item was dated March 12, 1914. Plaintiff at all times from and after November 5, 1907, carried the charge of that date for $1692 as a debit in its account with Hart.

If the item for $1692 was properly made a part of the running account, then under the doctrine that if the last item of a running account, is not barred by the Statute of Limitations the whole is saved from the operation of the Statute, the defense of the Statute of Limitations fails. However, if the item was not properly charged, it is barred by the statute. It is contended by the defendant that there was no mutuality or reciprocity in the matter of the charging by plaintiff of the $1692 item to Hart's account; that plaintiff placed this item in the open account without the consent and over the protest of Hart.

". . . A mutual account arises where there are mutual dealings, and the account is allowed to run with a view of an ultimate adjustment by a settlement or payment of the balance." [Chadwick v. Chadwick, 115 Mo. 581, 586.]

". . . The item of credit must arise from the mutual act and consent of both parties, and with the understanding, express or implied, that it is to enter into and become a part of their mutual dealing or account, and be subject of future adjustment in ascertaining the general balance due thereon." [1 R. C. L. pp. 205, 206.]

"A running account is the result of a mutual agreement either express or implied." [Estes v. Hamilton Brown Shoe Co., 54 Mo. App. 543, 551.]

There is no question but that there was mutuality in reference to the charging of this item to Hart's account. Hart sent in a written order for the hats, the order was accepted, the hats manufactured and, in accordance with Hart's instructions, placed free on board

a vessel. The hats never arrived at their destination but it is not disputed that the hats were the goods of Hart when placed upon the vessel, and the loss was Hart's loss. There was an agreement between the parties, shown by a long course of dealing at and before the ordering of the shipment of hats in question, to the effect that when a course of dealing was had similar to the one shown in reference to this particular order of the hats, the amount of money involved should be charged against Hart's account. Hart having agreed in advance that the charge in controversy might be made, there is no question but that he consented thereto and there was mutuality in the transaction. Of course, there is no question arising in this case as to whether a purchaser under a given circumstance has the right, upon the receipt of the goods ordered, to inspect the same and refuse to accept them and allow them to be charged to his account. The goods were never received by Hart.

When a shipment is made upon an agreement that the value thereof is to become a charge on an open and running account between the parties and the charge is so made, the item cannot be taken out of the open account and the Statute of Limitations held to run against it because the purchaser, after the sender has made the shipment as directed and the goods fail to arrive, denies liability for the particular item.

The judgment is affirmed. All concur.